**UNITED STATES COURT OF APPEALS**
**FIFTH CIRCUIT**

_____

No. 97-20549
Summary Calendar
_____

KATHLEEN BUCKLEY,

                    Plaintiff - Appellant,

versus

SOUTHERN PACIFIC TRANSPORTATION COMPANY, also
known as Rio Grande Industries, also known as
Anschutz Corporation; RICK NELSON; BUCK
CLAYTON,

                    Defendants - Appellees.

_____

Appeal from the United States District Court
for the Southern District of Texas
(H-94-CV-2689)

_____

September 30, 1998

Before WIENER, BARKSDALE, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

Kathleen Buckley brought various state law claims against her

former employer, Southern Pacific Transportation Co. ("Southern

Pacific"), and her former supervisors, Rick Nelson and Buck

Clayton, in Texas state court.  Defendants claimed fraudulent

_____

[*]    Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR. R.
47.5.4.

joinder of nondiverse defendants (Nelson and Clayton) and removed to federal district court, invoking diversity jurisdiction. Buckley alleges that the district court erred in denying her motion to remand and erred in dismissing several of her claims on the merits.

In order to prove fraudulent joinder of nondiverse defendants, the defendants must prove that the plaintiff has no possibility of recovery in state court. *See, e.g., Sid Richardson Carbon & Gasoline Co. v. Interenergy Resources Ltd.*, 99 F.3d 746, 751 (5th Cir. 1996). Buckley appeals the district court's denial of her motion to remand, arguing that a possibility exists that she could recover from the defendants. Although the district court found no possibility of recovery on the claim of intentional infliction of emotional distress, it also found a factual dispute on the claim of retaliatory discharge. Buckley alleges that this factual dispute suggests she may recover, because retaliatory discharge may form the basis of a claim for intentional infliction of emotional distress. Several Texas lower court decisions, which were issued after the district court's opinion, suggested that retaliation may support this tort. However, the Texas Supreme Court recently rejected the claim that retaliation for reporting sexual harassment is sufficiently "extreme and outrageous" to establish a claim for intentional infliction of emotional distress. *Southwestern Bell Mobile Sys., Inc. v. Franco*, 971 S.W.2d 52, 54 (Tex. 1998). We find Buckley has no possibility of recovery against the individual defendants for intentional infliction of emotional distress.

-2-

Having reviewed the remaining appellant's arguments and the record, for the reasons given by the district court, we AFFIRM all rulings by the district court.